UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JOEL LOPEZ**, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.                                                                          Case No. 8:24-cv-00150-WFJ-AAS

**CONSUMER SAFETY TECHNOLOGY, LLC**, d/b/a **INTOXALOCK**,

    Defendant.
_____/

## ORDER

    Before the Court is Defendant Consumer Safety Technology, LLC d/b/a Intoxalock's ("Intoxalock") Motion to Stay Discovery (Dkt. 27). Plaintiff Joel Lopez responded in opposition (Dkt. 31), and Defendant replied (Dkt. 37). For the reasons outlined below, the Court denies Defendant's Motion to Stay.

    Mr. Lopez brings the instant case, on behalf of himself and all others similarly situated, alleging violations of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Counts I and II of the Amended Complaint concern the FTSA, and Counts III and IV arise under the TCPA. Dkt. 21 at 18–28. On March 29, 2024, Defendant filed three motions: a Motion to Dismiss (Dkt. 26), a

1

Motion to Strike Class Allegations (Dkt. 28), and the instant motion to stay discovery pending the Court's ruling on the first two motions.

A district court's authority to stay discovery emanates from its broad discretion to control its own docket, *Clinton v. Jones*, 520 U.S. 681, 707 (1997), and from Federal Rule of Civil Procedure 26(c), where the party seeking the stay shows "good cause," *LaFleur v. State Univ. Sys.*, 8:20-cv-1665-T-36AAS, 2020 WL 7137993, at *2 (M.D. Fla. Dec. 7, 2020). "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (quotation omitted). If a case is likely to proceed regardless of the outcome of the motion to dismiss, the balance generally weighs against granting the requested stay. *Williams v. Educ. Credit Mgmt. Corp.*, 8:14–cv–1254–T–36TBM, 2015 WL 493767, at *2 (M.D. Fla. Jan. 14, 2015).

Defendant moved to dismiss Count I of a four count complaint. Dkt. 26 at 1. Defendant further moved to strike two proposed classes, which are relevant to Counts I and III. Dkt. 28 at 6–14; Dkt. 21 at 18, 23. However, Plaintiff asserts Counts I and III on behalf of himself and the proposed classes. As a result, even if the Court granted Defendant all the relief it seeks in its dual motions, three counts of the Second Amended Complaint would remain. Further, Plaintiff has requested

leave to amend in the event that the Court grants the Motion to Dismiss. Dkt. 29 at 7–8; *see* Federal Rule of Civil Procedure 15 (noting that district courts should freely grant leave to amend when justice so requires); *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 543 n.2 (11th Cir. 2002). Because this case will inevitably proceed regardless of the Court's ruling on the dispositive motions, the balance of harms weighs against permitting a delay in discovery.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendant's Motion to Stay is **DENIED**. **DONE** and **ORDERED** at Tampa, Florida, on May 3, 2024.

                                                */s/ William F. Jung*
                                                **WILLIAM F. JUNG**
                                                **UNITED STATES DISTRICT JUDGE**

**Copies Provided To**
Counsel of Record